**LAQUER, URBAN, CLIFFORD & HODGE LLP**
MICHAEL A. URBAN, Nevada State Bar No. 3875
NATHAN R. RING, Nevada State Bar No. 12078
4270 South Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
Telephone: (702) 968-8087
Facsimile:   (702) 968-8088
Electronic Mail: murban@luch.com
                 nring@luch.com
*Counsel for Plaintiff Trust Funds*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST; TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND; TRUSTEES OF THE OPERATING ENGINEERS JOURNEYMAN AND APPRENTICE TRAINING TRUST; and TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>NORTHWESTERN AIR SERVICES, LLC, a Colorado limited liability company,<br><br>Defendant. | CASE NO.:<br><br>**COMPLAINT**<br><br>[29 U.S.C. §§ 185(a), 1132(e), and 1145] |

Plaintiffs, TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND, TRUSTEES OF THE OPERATING ENGINEERS JOURNEYMAN AND APPRENTICE TRAINING TRUST, and TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST, complain and allege as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this case pursuant to Section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(e)(1), which grants the United States District Courts jurisdiction over civil actions brought by a fiduciary pursuant

1

1. to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA.  Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in Section 502(f) of ERISA, 29 U.S.C. § 1132(f).

2. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a), because this is the district in which the Plaintiff Trusts (defined below) are administered, the signatory union maintains union offices, and where the contractual obligation is to be paid.

3. To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

**PARTIES**

4. Plaintiffs are the TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST; TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND; TRUSTEES OF THE OPERATING ENGINEERS JOURNEYMAN AND APPRENTICE TRAINING TRUST; AND TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST (hereinafter collectively "Plaintiffs" or "Trusts").  Plaintiffs are Trustees of express trusts created pursuant to written declarations of trust (hereinafter "Trust Agreements") between the International Union of Operating Engineers, Local Union No. 12, (hereinafter "Local 12") and various employer associations in the construction industry in Southern California and Southern Nevada.  The Trusts were created and now exist pursuant to Section 302(c) of the LMRA, as amended 29 U.S.C. § 186(c).

5. At all times material herein, Local 12 has been a labor organization representing employees in the building and construction trades in Southern California and Southern Nevada, and a labor organization representing employees in an industry affecting commerce within the meaning of Section 301(a) of the LMRA, as amended 29 U.S.C. § 185(a).

6. Plaintiffs, as Trustees of the Trusts, are "fiduciar[ies]" with respect to the Trusts as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

7. At all times material herein, Defendant, NORTHWESTERN AIR SERVICES, LLC (hereinafter "NAS") has been a foreign limited liability company organized and existing by virtue of

2

the laws of the State of Colorado, with its principal place of business located in Grand Junction, Colorado.

## GENERAL ALLEGATIONS

8. NAS is signatory to a Project Labor Agreement ("PLA"), which required NAS to make fringe benefit contributions for each covered hour worked by its employees under those PLAs.

9. Pursuant to the PLA, NAS is required to comply with the Master Labor Agreement for Southern Nevada (hereinafter "MLA"), which was negotiated between Local 12 and various multiemployer associations in Southern Nevada. The MLA also requires NAS to make fringe benefit contributions for each hour of covered work performed by or paid to any of its employees performing covered work under the MLA.

10. As signatory to the PLA, NAS is also bound to the terms and conditions of the Trust Agreements, under which the Plaintiff Trusts were created and currently operate.

11. NAS is an "employer," as that term is defined in the MLA, PLAs and applicable Trust Agreements.

12. NAS is also an "employer" as defined and used in Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and therefore, NAS is "obligated to make contributions to a multi-employer plan" within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145. Plaintiffs are informed and believe and thereon allege that NAS is also an "employer" engaged in "commerce" in an "industry affecting commerce," as those terms are defined and used in Sections 501(1) and 501(3) of the LMRA, as amended 29 U.S.C. § 142(1)-(3), and within the meaning and use of Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

### FIRST CLAIM FOR RELIEF
**(Breach of written Project Labor Agreement, Master Labor Agreement and related Trust Agreements)**

13. Plaintiffs hereby incorporate by reference all prior paragraphs of this Complaint, inclusive of any and all subparagraphs, to the same effect as if set forth verbatim.

14. Under the PLA, MLA, and Trust Agreements, at all times material herein, NAS was obligated to submit written reports to the Trusts on a timely basis showing the identity of its employees performing any work covered by the PLAs or MLA and the number of hours worked by or

1  paid to those employees.  Further, NAS promised it would pay fringe benefit contributions to the
2  Trusts on a monthly basis and at specified rates for each hour worked by or paid to any of its
3  employees performing any work covered under the Agreements.  These amounts are due and payable
4  at the Trusts' administrative offices, which are located in Pasadena, California.

5  15. NAS is required by the Trust Agreements, Federal law, and Ninth Circuit precedent to
6  maintain adequate records of, among other things, the hours of work performed by its employees and
7  the amounts paid to its employees.  The PLA, MLA, and Trust Agreements, which were all signed and
8  acknowledged by NAS, require NAS to submit to audits of its payroll and related records.  The
9  purpose of an audit is to determine if fringe benefit contributions have been properly paid pursuant to
10 the PLAs, MLA and Trust Agreements.

11 16. NAS failed to submit timely reports to the Trusts for the months of October, 2015
12 through December, 2015. NAS also failed to timely pay these reports.

13 17. The Trusts' counsel demanded NAS pay all of the amounts owed. After stating it would
14 pay the amounts owed, NAS submitted an initial payment in the amount of $14,069.11 on or about
15 November 8, 2016. NAS submitted no further payments.

16 18. As a result of NAS' failure to submit and pay reports, NAS owes the following amounts
17 to the  Trusts:

| Contributions | $ 41,906.85 |
|---|---|
| Liquidated Damages | $  4,190.69 |
| Interest | $  3,466.85 |
| Total: | $ 49,564.38 |
| *Payment made 11/8/16:* | $ -14,069.11 |
| **TOTAL DUE:** | **$ 35,495.27** |

19. It has been necessary for the Trusts to engage the law firm of Laquer, Urban, Clifford
& Hodge LLP, for the purpose of collecting the amounts due.  Pursuant to the PLA, MLA, Trust

Agreements, and 29 U.S.C. § 1132(g)(2), the Trusts are entitled to their reasonable attorneys' fees and costs of suit.

20. Pursuant to 29 U.S.C. § 1132(g)(2), NAS owes prejudgment interest to the Trusts at the rates established pursuant to 26 U.S.C. § 6621. Interest is due on all unpaid contributions from the dates the sums were originally due to the Trusts until the date of judgment.  The amount of interest will be established by proof at trial or in support of a dispositive motion.

### SECOND CLAIM FOR RELIEF
### (Violation of 29 U.S.C. § 1145 – NAS)

21. Plaintiffs hereby incorporate by reference all prior paragraphs of this Complaint, inclusive of any and all subparagraphs, to the same effect as if set forth verbatim.

22. Section 515 of ERISA, 29 U.S.C. § 1145, provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

23. All conditions, covenants and promises on their part that are or were required to be performed as conditions precedent for NAS's performance under 29 U.S.C. § 1145 have been properly performed.

24. On NAS's PLA project, NAS violated its statutorily mandated obligation to report and remit the proper amount of fringe benefit contributions to the Plaintiffs.

25. There is no legal excuse for NAS's violation of 29 U.S.C. § 1145.

26. Pursuant to 29 U.S.C. § 1132(g)(2), in any action by a fiduciary in which judgment is found in favor of the plan under 29 U.S.C. § 1145, the court shall award the plan:

    i)    the unpaid contributions,

    ii)    interest on the unpaid contributions,

    iii)    an amount equal to the greater of

      a) interest on the unpaid contributions; or

      b) liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be permitted under

federal or state law) of the amount determined by the court to be unpaid contributions,

iv) reasonable attorneys' fees and costs, and

v) such other legal or equitable relief as the Court deems appropriate.

34. For purposes of 29 U.S.C. § 1132(g)(2), interest on unpaid contributions shall be determined by using the rate provided under the plan or, if none, the rate prescribed under § 6621 of the Internal Revenue Code of 1986, as amended, 26 U.S.C. § 6621.

27. Pursuant to 29 U.S.C. § 1132(g)(2) and the Trust Agreements, NAS owes interest to the Trusts, at the rates established pursuant to 26 U.S.C. § 6621, on all unpaid contributions from the dates the sums were originally due to the Trusts to the date of judgment. The amount of said interest will be established by proof at trial.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment against Northwestern Air Services, LLC, as follows:

1. For unpaid fringe benefit contributions in amounts as proven;
2. For damages for breach of contract in amounts as proven;
3. For liquidated damages in amounts as proven;
4. For interest at the rates established by 26 U.S.C. § 6621 on all fringe benefit contributions and damages until paid in full;
5. For Plaintiffs' reasonable attorneys' fees;
6. For Plaintiffs' costs of suit incurred herein;
7. For such additional relief as this Court deems just and proper.

Dated: January 13, 2017          **LAQUER, URBAN, CLIFFORD & HODGE LLP**

*/s/ Nathan R. Ring*
MICHAEL A. URBAN, Nevada Bar No. 3875
NATHAN R. RING, Nevada Bar No. 12078
4270 SOUTH DECATUR BLVD., SUITE A-9
LAS VEGAS, NEVADA 89103
TELEPHONE: (702) 968-8087
FACSIMILE:   (702) 968-8088
ELECTRONIC MAIL: murban@luch.com
nring@luch.com
***Counsel for Plaintiff Trust Funds***